THE PEOPLE *ex rel.* Thomas E. Mayes, Appellant, *vs.* EMIL J. WANEK, Town Clerk, *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. CONSTITUTIONAL LAW—*City Election act is not unconstitutional.* The registration provision of the City Election act is not unconstitutional, upon the ground that it amounts to a discrimination between legal voters in elections held in territory which is partly within and partly without the limits of the city which has adopted the provisions of such act.

2. LOCAL OPTION—*petition required by statute is jurisdictional.* The petition required by the statute for an election under the Local Option act of 1907 is jurisdictional, and the proposition whether the territory shall become anti-saloon territory cannot be submitted until a petition which conforms to the statute has been filed with the proper authorities and within the time prescribed by the statute.

3. SAME—*when petition must state that signers are duly registered legal voters.* Under section 4 of the Local Option act, in a city where the provisions of the City Election law have been adopted, a petition to submit the question whether territory wholly or partly within such city shall become anti-saloon territory must state, and the affidavit must show, that all signers of the petition residing within the limits of the city are "duly registered legal voters," and it is not sufficient to state that they are legal voters.

4. SAME—*how election should be held where territory is partly in city where City Election act is in force.* Where the town in which an election under the Local Option act is to be held lies partly within and partly without the limits of a city which has adopted the provisions of the City Election act, the board of election commissioners should conduct the election in the territory within the city limits and the legal authorities of the town should conduct the election in the territory without such limits.

5. SAME—*how petition should be prepared where territory is partly within city where City Election act is in force.* Where a town lies partly within and partly without a city which has adopted the provisions of the City Election act, a petition for an election in such town under the Local Option act should be addressed to the town clerk and the board of election commissioners, should be signed in duplicate and verified to show that signers residing in the city limits are duly registered legal voters and that those residing outside are legal voters, one of which petitions should be filed with the town clerk and the other with the election commissioners sixty days before the election is to be held.

241—34

APPEAL from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding.

EDWIN BEBB, for appellant.

OTTO F. REICH, and FRANK D. AYERS, (I. T. GREEN-ACRE, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition for a writ of *mandamus* filed in the name of the People, upon the relation of Thomas E. Mayes, in the superior court of Cook county, on the 27th day of March, 1909, against the town clerk of the town of Calumet and the board of election commissioners of the city of Chicago, to coerce said town clerk and board of election commissioners to place upon the ballots of the then next ensuing election, to take place on April 6, 1909, in said town, the proposition, "Shall this town become anti-saloon territory?" A demurrer was interposed to the petition by respondents and sustained and the petition was dismissed, and the relator has prosecuted an appeal to this court.

The town of Calumet is a town in the county of Cook, a part of which is within the city limits and a part of which is without the city limits of the city of Chicago. At the town election held on April 7, 1908, there were cast 5187 votes, and attached to the petition asking for the submission of said proposition were 1862 signatures. Of these 1383 were residents of territory within the city limits and 479 were residents of territory without the city limits. The affidavit attached to the petition did not state that the petitioners residing within the city limits were registered legal voters but designated such petitioners as legal voters, and the contention was made in the court below, and renewed in this court, that the petition was for that reason insufficient, and that the town clerk and board of election commissioners, by reason of that defect in the petition, were not

authorized or required by the statute to submit the proposition, "Shall this town become anti-saloon territory?" to the voters of said town, and that having refused to submit such question, and the petition filed being insufficient, the court, by *mandamus,* would not require said town clerk and board of election commissioners to submit said proposition to the voters of said town.

Section 4 of an act entitled "An act to provide for the creation by popular vote of anti-saloon territory, within which the sale of intoxicating liquor and the licensing of such sale shall be prohibited and for the abolition by like means of territory so created," approved May 16, 1907, and in force July 1, 1907, (Hurd's Stat. 1908, p. 893,) in part provides: "A petition for submission of said proposition shall be in substantially the following form: (then follows form of petition.) Such petition shall consist of sheets having such form printed or written at the top thereof and shall be signed by the legal voters in their own proper persons only, and opposite the signature of each legal voter shall be written his residence address (stating the street and the house number if there be such) and the date of signing the same. No signature shall be valid or be counted in considering such petition unless these requirements are complied with and unless the date of signing is less than six months preceding the date of filing the same. At the bottom of each sheet of such petition shall be added a statement, signed by a resident of the county in which the signers thereof reside, with his residence address as aforesaid, stating that the signatures on that sheet of the said petition are genuine, and that to the best of his knowledge and belief the persons so signing were at the time of signing said petition legal voters (and in cities, villages, and incorporated towns in which voters are or may be required to be registered, that they were at the time of signing said petition duly registered legal voters) of the said town, precinct, city or village, as the case may be; that their respec-

tive residences are correctly stated therein and that each signer signed the same on the date set opposite his name. Such statement shall be sworn to before some officer residing in the county where such legal voters reside, authorized to administer oaths therein. Such petition, so verified, or a copy thereof, duly certified as hereinafter provided, shall be *prima facie* evidence that the signatures, statement of residence and dates upon such petition are genuine and true and that the persons signing the same are legal voters of the political subdivision named."

It would seem too clear for argument that by virtue of the terms of the foregoing provision of the statute, in all cities wherein the City Election law has been adopted, (which is the case in the city of Chicago,) which law provides that only such legal voters as are registered shall have the right to vote, a petition to submit the question whether such territory shall become anti-saloon territory should only be signed by registered legal voters, and that such fact should be made to appear, in the manner pointed out by the statute, by affidavit, and that the legally constituted authorities, in this case the town clerk and the board of election commissioners, were not authorized or required to submit said proposition upon a petition which did not comply with the statute in that particular,—and this seems to be conceded by the appellant. It is, however, said by counsel for appellant that the City Election law, which provides that only registered legal voters shall have the right to vote in territory where the City Election law is in force, is unconstitutional when applied to an election where a part of the territory in which the election is held lies within and a part without a city in which the City Election law is in force, as is the case in the territory in which the election in the town of Calumet was asked to be held.

By section 20 of article 2 of the City Election law (Hurd's Stat. 1908, p. 950,) it is provided that "said board of commissioners shall make all necessary rules and regu-

lations, not inconsistent with this act, with reference to the registration of voters and the conduct of election; and they shall have charge of, and make provision for, all elections general, special, local, municipal, State and county, and of all others of every description, to be held in such city or any part thereof, at any time or in such village or incorporated town as the case may be." And by the provisions of "An act to regulate the holding of elections and declaring the result thereof for town, school township and school district purposes, where such town, school township or school district lies wholly within or partly within and partly without any city, village or incorporated town which has adopted, or may adopt an act entitled 'An act regulating the holding of elections and declaring the result thereof in cities, villages and incorporated towns in this State,' approved June 19, 1885, in force July 1, 1885," approved March 23, 1887, in force March 23, 1887, (Hurd's Stat. 1908, p. 995,) it is provided that elections in towns, etc., in which a part of the territory lies within a city where the City Election law is in force and a part without such territory, the board of election commissioners shall have charge of the election within the territory where the City Election law is in force, and that the legal authorities of such town, etc., shall have charge of the election in the territory which lies outside of the territory where such City Election law is in force. The first statute referred to was passed in 1885 and the subsequent statute was passed in 1887, since which time both statutes have been held constitutional and enforced. (*People* v. *Hoffman,* 116 Ill. 587; *Wetherell* v. *Devine,* id. 631; *Snowball* v. *People,* 147 id. 260.) We think this court is therefore committed to the view that the City Election law is constitutional. If we were at this late date to hold that the registration provision of the City Election law was unconstitutional in discriminating between voters of different parts of the same political subdivision, as contended by the appellant, in this:

that while those who vote under it must be registered those who vote in territory where that law is not in force may swear in their votes, then we would be forced to hold that the City Election law only applied to city elections, and was unconstitutional as to all elections where the election was not confined to the territorial limits where said law was in force,—that is, it would be unconstitutional as to all State, county and other elections where the territory in which the election was held was not co-extensive with the limits of the city where the election was held. Our conclusion is that the City Election law is constitutional in its registration feature.

Other constitutional objections are raised to the City Election law which we think are hypercritical and need not be here considered.

We think, therefore, that 'the petition for the submission of the question whether or not the territory comprised within the limits of the town of Calumet should become anti-saloon territory was insufficient to require the submission of that question by the town clerk and the board of election commissioners, and that the court did not err in declining to require, by *mandamus,* those officers to print the proposition upon the ballots, as prayed.

It is also urged that the petition to submit the question whether or not said territory should become anti-saloon territory was informal, in this: that it was addressed to the town clerk and not to the town clerk and board of election commissioners; and that the petition was insufficient in that the original was filed with the town clerk and a certified copy, only, was filed with the board of election commissioners, and that the copy filed with the board of election commissioners was not filed sixty days prior to the day upon which the election was to be held at which it was asked that the question be submitted. We think it clear that the inhabitants of the town of Calumet have the right to vote upon the question whether or not the territory com-

prised within the limits of the town of Calumet should become anti-saloon territory. The petition required by the statute is, however, jurisdictional, and the proposition can not lawfully be submitted until a petition which conforms to the statute has been filed with the proper authorities and within the time prescribed by the statute. Section 2 of the Anti-Saloon Territory act provides that the petition shall be filed in the office of the clerk at least sixty days before the election at which the proposition sought to be submitted is to be voted upon, and section 5 provides that the proposition shall be submitted at the "next election," and section 1 provides that "clerk" shall mean the board of election commissioners of any city, village or incorporated town in which there shall be a board of election commissioners. As we have seen, in an election in territory which is partly situated in territory where the City Election law is in force and in territory where the City Election law is not in force, the board of election commissioners will properly conduct the election in the territory where the City Election law is in force and the legal authorities of the town will conduct the election in the territory where the City Election law is not in force. We think the proper practice is to address the petition to the town clerk and the board of election commissioners and to have the petition signed in duplicate, and have the same verified so as to show that the signers residing in territory wherein the City Election law is in force are registered legal voters and that those residing in territory where that law is not in force are legal voters, and file one of said petitions with the town clerk and the other with the board of election commissioners sixty days before the day upon which the election is to be held at which said proposition is to be submitted. Any other mode of procedure would necessarily lead to confusion, as if the petition were filed only with the town clerk there would be nothing before the board of election commissioners upon which that board could lawfully act, and if the petition were filed with

the board of election commissioners and not with the town clerk the converse would be true. The petition was therefore not in proper form, was not filed with the proper officials and was not filed in time. We therefore conclude that the trial court properly sustained the demurrer to said petition and dismissed the same.

The judgment of the superior court will therefore be affirmed.

*Judgment affirmed.*