# Commonwealth ex rel. *v.* Sharetts, Appellant.

*Election law—Public officers—Poor directors—Constitutional law.*

1. Where directors of the poor hold their office by virtue of a special act of assembly erecting them into a corporate body, they are not county officers; but, they are public municipal officers; and although their selection is not provided for specifically in the constitution, nevertheless they are quite as much municipal officers in essential characteristics as though specifically there enumerated.

2. Under the constitutional amendments of 1909 poor directors are to be voted for on "a municipal election day." Poor directors elected on a general election day in the even year are without title to office.

Argued Feb. 28, 1911. Appeal, No. 57, Jan. T., 1911, by defendant, from judgment of C. P. Adams Co., Jan. T., 1911, No. 52, of ouster in case of Commonwealth ex rel. H. W. Taylor v. Jacob E. Sharetts. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Quo warranto to determine title to office of director of the poor. Before SWOPE, P. J.

The case turned upon the validity of an election for directors of the poor at the general election of November 8, 1910. The record showed that the office was created by the local Act of March 24, 1817, 6 Sm. L. 457, relating to Adams county.

The court entered judgment of ouster.

*Error assigned* was the judgment of the court.

*Wm. Arch. McClean,* with him *Wm. McClean* and *W. C. Sheely,* for appellants.—The case is ruled by Com. ex rel. v. York County Commissioners, 19 Pa. Dist. Rep. 920.

The boundaries of the poor district of Adams county are coterminus with the county, yet the directors of the poor elected under the special act of March 24, 1817, are not county officers: Melvin v. Summerville, 210 Pa. 41;

Nissley v. Lancaster County, 215 Pa. 562; Phillips v. Kantner, 39 Pa. Superior Ct. 570.

Local and special laws are not repealed by general legislation without the use of specific terms of repeal or a' well defined purpose to supply such local legislation by the substitution of a general system provided. Nissley v. Lancaster County, 215 Pa. 562; Lehigh Iron Co. v. Lower Macungie Township, 81 Pa. 482; Indiana County v. Agricultural Society, 85 Pa. 357; Allegheny County v. Gibson, 90 Pa. 397; Donohugh v. Roberts, 15 Phila. 144; Bigley v. Bellevue Borough, 158 Pa. 495; Com. v. Weir, 165 Pa. 284.

*Donald P. McPherson*, with him *J. Donald Swope*, for appellee.—The amendments provided a general uniform and mandatory system of elections to be applicable generally throughout the commonwealth of Pennsylvania, and as they were intended to be put into immediate effect and operation as clearly appears by their terms and the adoption of the schedule heretofore referred to, it is to be presumed that the local act applicable to the election of poor directors, etc., of Adams county, was intended to be modified in so far as its provisions for an annual election of one member of the board and the length of term of the members of the board would conflict with the terms and the intention of these amendments: Com. v. Brown, 210 Pa. 29; Nissley v. Lancaster County, 215 Pa. 562; Com. v. Macferron, 152 Pa. 244; Quinn. v Cumberland County, 162 Pa. 55; Chalfant v. Edwards, 176 Pa. 67; Weaver v. Schuylkill County, 17 Pa. Superior Ct. 327; Com. v. Brown, 25 Pa. Superior Ct. 269.

OPINION BY MR. JUSTICE STEWART, May 1, 1911:

Where directors of the poor hold their office by virtue of a special act of assembly erecting them into a corporate body, as is the case here, they are not county officers. So much was clearly decided in Nissley v. Lancaster County, 215 Pa. 562. But it by no means follows that

they are unaffected by the constitutional amendments of 1909. Though not county officers, they yet are public municipal officers. Their selection is not provided for specifically in the constitution, nevertheless they are quite as much municipal officers in essential characteristics as those specifically there enumerated. The argument in support of appellant's contention is based on the fact that directors of the poor are omitted from sec. 3 of amended article VIII of the constitution, which reads as follows: "All judges elected by the electors of the State at large may be elected at either a general or municipal election, as circumstances may require. All elections for judges of the courts for the several judicial districts, and for county, city, ward, borough and township officers, for regular terms of service, shall be held on the municipal election day, namely, the Tuesday next following the first Monday of November, in each odd numbered year, but the General Assembly may by law fix a different day, two-thirds of all the members of each House consenting thereto; Provided that such election shall always be held in an odd numbered year." The argument takes no account of the scheme of the several amendments which were adopted, or the end that was to be accomplished through them, and overlooks other constitutional provisions which bear directly upon the question in issue and show conclusively that while specific mention is not here made of poor directors, they are not even by intendment excluded. An unmistakable purpose of the amendments of 1909 was to simplify our system of elections by reducing the number of elections held in any one year. To this end it is provided that general elections for the election of state officers shall be held biennially on the Tuesday following the first Monday of November in each even numbered year, and that the same day in each odd numbered year shall be "a municipal election day." We need not stop to show how inconsistent, not only with this general scheme, but with the provisions of the unamended constitution, an exception of the office of poor director

out of the class to be voted for at a municipal election would be. Its repugnancy is apparent, and the lack of all reason for the exclusion is quite as much so. The constitution unamended, for very wise purposes, disassociated municipal elections from general elections, but prescribed a separate day for each in the same year. The purpose of the amendment was not to again associate them, but to make them occur in different years, observing the same distinction as theretofore. It being within legislative power to create other municipal offices than those specifically mentioned in the section referred to, if the argument for the relator holds, no such offices so created could be voted for at a municipal election, and it would be an open question, perhaps one not easily solved, whether they could under constitutional provision be voted for at a general election. Section 1 of art. XII, unamended, provided that: "All officers whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law." As amended by amendment 7, adopted in November, 1909, it now reads: "All officers whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law: Provided that elections of State officers shall be held on a general election day, and elections of local officers shall be held on a municipal election day, except when, in either case, special elections may be required to fill unexpired terms." This express provision overcomes every possible presumption that it was intended that sec. 3 of amended article VIII should apply only to such municipal offices as are specifically mentioned, and shows a manifest purpose to require all municipal officers, including as well those already existing as those thereafter to be created, to be voted for on "a municipal election day." The office of poor director then being a municipal and therefore a local office, not excepted out of the constitutional provisions as to the date of election, the schedule which was adopted to carry the amendments into operation, governs it alike with all officers voted for by the people. This

schedule provides: "In the case of officers elected by the people, all terms of office fixed by Act of Assembly at an odd number of years shall each be lengthened one year, but the Legislature may change the length of the term. provided the terms for which such officers are elected shall always be for an even number of years." It follows that the election of the appellant to the office of poor director at an election in November, 1910, an even year, was futile, and that he is without title to the office.

The judgment of ouster is affirmed.