THE PEOPLE *ex rel.* James J. Kelly, Petitioner, *vs.* ANTHONY CZARNECKI *et al.* Respondents.

*Opinion filed April 18, 1912.*

1. PRIMARY ELECTIONS—*where petitions by candidates should be filed.* Under the Primary Election law, candidates for State offices and for other offices for territory partly in two or more counties should file their petitions with the Secretary of State, candidates for county offices should file their petitions with the county clerk, and candidates for city offices and offices of other municipalities less than a county but wholly within a county should file their petitions with the clerk of the city or other municipality in which the election is held.

2. SAME—*candidates for county offices are not required to file petitions with board of election commissioners.* Section 61 of the Primary Election law of 1910, concerning boards of election commissioners, has no reference to the place where the petitions of candidates for county offices shall be filed, and if a candidate for a county office files his petition with the county clerk he is not required to file another petition with the board of election commissioners. (*People* v. *Wanek,* 241 Ill. 529, distinguished.)

3. SAME—*board of election commissioners must obtain list of candidates for county offices from county clerk.* Where there is a county in which is a city having a board of election commissioners under the City Elections law, it is the duty of the board to call for, and the duty of the county clerk to furnish, a list of the candidates for county offices whose petitions have been filed with the county clerk, arranged in the order in which their petitions were filed in his office.

4. SAME—*when alleged conspiracy concerning filing of petition cannot be held to be a legal injury.* The mere theory that a candidate whose name is printed first in the list of candidates on the primary election ballot will obtain an advantage over the others does not justify holding that an alleged conspiracy between the candidate and the county clerk to obtain such place amounts to a legal injury to anyone.

5. SAME—*filing a petition before the hour designated by the clerk is not unlawful.* The fact that a candidate for county office files his petition before the hour announced by the clerk for receiving such petitions is not in violation of law if it is filed on the day fixed by statute for filing it, and it cannot be said that such action so taints the transaction with fraud that the petition should be thrown out altogether.

ORIGINAL petition for *mandamus.*

ALFRED S. AUSTRIAN, and EDMUND D. ADCOCK, for petitioner.

CHARLES H. MITCHELL, CHIPMAN & JACKSON, and I. T. GREENACRE, (EDGAR B. TOLMAN, JOHN H. BATTEN, and ROY D. KEEHN, of counsel,) for respondents.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a petition filed in this court on the relation of James J. Kelly praying that a writ of *mandamus* issue to compel Anthony Czarnecki, Charles H. Kellermann and Howard S. Taylor, constituting the board of election commissioners of the city of Chicago and *ex-officio* commissioners of election of the town of Cicero, to place the name of the relator on the primary ballot as a democratic candidate for the nomination for State's attorney of Cook county, and to place the name of relator first upon said democratic ballot among the names of democratic candidates for said office of State's attorney. After said petition was filed, in pursuance of leave granted by this court for that purpose, motions were made by Maclay Hoyne, another democratic candidate for State's attorney, and Sam-

uel A. Ettelson, a republican candidate for the same office, to be made parties and for leave to answer and file briefs. Their motions to be made formal parties and for leave to answer have been denied but they were granted leave to file briefs. The board of election commissioners filed its answer to the petition, to which the relator has interposed a general and special demurrer, and the questions to be determined are raised by the demurrer to the answer.

The petition avers that the relator is a qualified elector of Cook county and eligible to the office of State's attorney, and that on the 9th day of February he filed a proper petition, under the Primary Election law, with the county clerk of said county, and that his petition was the first, in point of time, of the democratic candidates for said office to be filed with the county clerk, whereby relator claims the right to have his name printed by the board of election commissioners on the democratic primary ballot first upon the list of the democratic candidates for said office. The petition also shows that the city of Chicago and the adjacent town of Cicero have adopted the City Election law, and that the respondents, as the board of election commissioners of Chicago and *ex-officio* commissioners of election of the town of Cicero, have charge of the printing of ballots for elections, including primary elections. It is further alleged in the petition, and not denied in the answer, that the board of election commissioners has made and promulgated a rule, and caused the same to be published, that said board would not place the name of any candidate for any county office on the primary ballot unless such candidate filed a petition with the board of election commissioners in addition to the petition to be filed with the county clerk. The answer of respondents alleges that under the Primary Election law it is the duty of candidates for county offices in counties like Cook, which have cities acting under the City Election law, to file two petitions,—one with the county clerk and another with the board of election commissioners.

The only other matter set up in the answer by way of defense is a charge that there was a fraudulent conspiracy entered into between the county clerk, relator and others, by which the petition of the relator was smuggled into the county clerk's office in advance of the hour which the clerk had announced his office would be open for the reception of primary petitions. The answer sets out, somewhat in detail, a number of facts which are relied upon as constituting a conspiracy by which the relator's petition was first filed in the county clerk's office.

There are but two questions requiring consideration in this case: First, was the relator required to file two petitions,—one with the county clerk and another with the board of election commissioners,—under the facts stated in these pleadings? Second, does the answer set up a state of facts showing such fraudulent practices in connection with the filing of the petition as to vitiate the whole transaction and leave the relator as though no petition had been filed by him?

The relator has filed a proper petition with the county clerk of his county, which entitles him to have his name placed upon the primary ballot for the office of State's attorney. He has filed no petition with the board of election commissioners. If the board of election commissioners adheres to its rule that all candidates for county offices in Cook county must file their primary petitions in the office of the board of election commissioners, the result will be that relator's name will not be placed upon the ballot at all. The election of county officers is a county affair, and it follows that the nomination of candidates to fill such offices is also a matter of county concern. When the various provisions of the Primary Election law are considered, it is apparent that the legislature intended that candidates for State offices, and for other offices to be elected in and for territory partly in two or more counties, should file their petitions with the Secretary of State; that candidates for

county offices should file petitions with the county clerk, and for city offices and offices of other municipalities less than a county but wholly within one county, should file their petitions with the clerk of the city or other municipality in which the election is to be held. There is nothing in the Primary Election law that indicates that it was the intention of the legislature that two petitions should be filed in any case.

Respondents rely upon section 61 of the Primary law of 1910 as conferring upon the board of election commissioners the right to require petitions to be filed with such board. Section 61 is as follows: "In cities having a board of election commissioners, the duties herein imposed upon the county, city or village clerk, as the case may be, shall be discharged by the board of election commissioners in the same manner, as near as may be, and to the same extent and with like effect that the same duties imposed by this act are discharged by the county, city or village clerk, as the case may be; and the ballots for the nomination of all candidates to be voted for in such city, shall be printed by the board of election commissioners and the returns of the primary held in such city shall be made to such board of election commissioners."

It is insisted that a fair construction of this section requires that petitions for county offices in counties having boards of election commissioners shall be filed with such boards. To this we cannot assent. That section requires the board of election commissioners to discharge the duties imposed upon the county, city or village clerk in the same manner, "as near as may be," as the same are discharged by such clerk. This language cannot be construed to mean that the board of election commissioners is substituted in the place of the county clerk, and that all the duties that would otherwise devolve upon such clerk are cast upon the board of election commissioners. In counties where there are no boards of election commissioners, and in those parts

of counties having such boards outside of their jurisdiction, the county clerks are required to make up the form of the primary ballot, and to post copies of sample ballots, and perform other duties in connection with the holding of such elections. Section 61 refers to the discharge of this and other like duties by the board of election commissioners and has no reference to the place where the petitions are to be filed. It is true that the statute is not clear in respect to the manner in which the board of election commissioners shall obtain the necessary information from the county clerk to enable such board to have the ballots properly printed. If the statute provided that the county clerk should certify to the board of election commissioners a correct list of the candidates for the various offices in the order in which their petitions were filed with him, as is the case with the Secretary of State, the whole matter would be perfectly clear and no question could reasonably arise in regard to the procedure. But we think that the duty to call upon the county clerk for the list of candidates is implied by the express requirement that the board of election commissioners shall cause the ballots to be printed. It is clearly the duty of the county clerk to furnish the board with the list of candidates arranged in the order in which their petitions were filed in his office, upon request being made therefor.

Counsel for respondents call our attention to the case of *People* v. *Wanek*, 241 Ill. 529, which is thought to have some bearing upon the question now under consideration. That case did not arise under the Primary Election law and nothing decided therein has any reference to the procedure under the Primary Election law. In that case the validity of petitions for the submission of the proposition whether the town of Calumet should become anti-saloon territory was involved. The town of Calumet is partly within the city of Chicago and partly without. It was held that it was necessary to have two petitions, and that the petition

filed in that part of the town within the city of Chicago should show that the petitioners were registered voters under the City Election law. That case has no application to the situation here presented.

Relator was only required to file one petition, and that was properly filed with the county clerk of Cook county.

Respondents' second contention is, that the filing of relator's petition is void because of fraud. Without going into the several allegations of fact relied on by respondents in support of this defense, it is a sufficient answer to this contention to say that the purpose of the alleged fraud and conspiracy cannot, as a matter of law, be held to amount to a legal injury to anyone. The whole argument on this branch of the case is based upon the assumption that the name first on the ballot gives such party some advantage over those candidates whose names appear in other positions on the ballot. The theory of this argument is, that voters, in some indefinable number, will vote for the person whose name appears first upon the ballot without reference to any other consideration. There is no averment in the answer which attempts to show what the advantages are of being first upon the list or what wrong would be inflicted upon other candidates whose names appeared farther down the list. If petitioner filed his petition before the hour announced by the clerk for the reception of such petitions but on the day that he had a legal right to file it, he certainly could not be held to have lost his right to anything more than having his name appear first upon the ballot. There was no public law violated by filing the petition before the time designated by the clerk for the opening of his office, hence it cannot be said that the whole transaction is so tainted with fraud that his petition should be thrown out altogether.

The writ of *mandamus* will be awarded in accordance with the prayer of the petition.          *Writ awarded.*