## Commonwealth, ex rel., Appellant, *v.* Leary.

*Public officers—Removal—Inspector of weights and measures—Constitutional office—Act of July 24, 1913, P. L. 960.*

An inspector of weights and measures is a constitutional officer within the meaning of Art. VI, Sec. 4, of the Constitution of Pennsylvania, and may be removed at the pleasure of the power which appointed him.

The Act of July 24, 1913, P. L. 960, in so far as it requires cause to be shown for the removal of inspectors of weights and measures, is void.

Argued Nov. 6, 1915. Appeal, No. 66, Oct. T., 1915, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1913, No. 362, for defendant on quo warranto in case of Commonwealth, ex rel., Robert Watson v. William J. Leary. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Petition for quo warranto.

The case turned on whether the office of inspector of weights and measures was a constitutional office so that the incumbent could be removed at the pleasure of the power by which he had been appointed. The court entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*John E. McDonough,* for appellant.

*J. B. Hannum, Jr.,* with him *E. Wallace Chadwick,* for appellee.

OPINION BY PORTER, J., July 18, 1916:

This is a proceeding by writ of quo warranto, issued upon the suggestion of Robert Watson, requiring William J. Leary, the respondent, to show by what authority he claims to exercise the office of inspector of weights and measures of the City of Chester. The respondent having filed an answer, the court below, after hearing evidence, found that the defendant had been duly appointed by the mayor to the office of inspector of weights and measures of the City of Chester on January 1, 1913, and that he had been reappointed by the mayor on the first day of December, 1913. The court also found that on January 1, 1914, the mayor of the city had, by a letter addressed to the defendant, informed him that he, the mayor, had appointed the relator, Robert Watson, as inspector of weights and measures for the City of Chester, and directed him, the defendant, to deliver to said Watson all property belonging to the city in his possession connected with his office. The learned judge of the court below entered judgment in favor of the defendant. In entering this judgment the learned judge filed no opinion, but his conclusion was probably influenced by the Act of July 24, 1913, P. L. 960, which provides that "County and city inspectors of weights and measures as appointed by their respective counties and cities shall hold their office during good behavior, and shall not be removed, discharged or reduced in pay or position except for inefficiency, incapacity, conduct unbecoming employees or other just cause." Since this judgment was entered in the court below it has been decided by the Supreme Court, in Commonwealth, ex rel. Thomas J. Lowell v. J. S. Hoyt, not yet reported, that an inspector of weights and measures is an officer within

the meaning of Article 6, Section 4, of the Constitution, providing that: "Appointed officers, other than judges of the courts of record and the superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed;" and that the act of July 24, 1913, P. L. 960, in so far as it requires cause to be shown for the removal of inspectors of weights and measures, is void. In the light of the decision referred to, it matters not what was the date of the appointment by the mayor under which Leary was then acting as inspector of weights and measures, it was within the power of the mayor to remove him from office at any time, which he did on January 6, 1914, and appointed in his stead, Robert Watson, as inspector of weights and measures for the city. Leary had been appointed by the mayor of the city, who was possessed of authority to make the appointment, the authority to appoint to the office was still in the mayor on January 6, 1914, and the power to appoint carried with it the power to remove from office. It follows that the conclusion of the learned judge of the court below was erroneous.

The judgment of the court below is reversed and it is adjudged that the defendant is usurping the office of inspector of weights and measures for the City of Chester and judgment of ouster is entered against him, and he is further ordered and directed to surrender to the relator the official property set forth in the schedule attached to the petition of the relator. It is further ordered that the said William J. Leary pay the costs of this proceeding in this court and in the court below.