## Commonwealth ex rel. Woodruff *v.* Joyce, Appellant.

*Public officers—Compatible offices—State senator—Poor director—Municipal office—Act of May 15, 1874, P. L. 186—Civil office.*

1. The office of poor director is a purely municipal office and is not incompatible with the office of state senator, under the Act of May 15, 1874, P. L. 186, which provides that "no senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office under the Commonwealth."

2. The mere fact that the legislature created the office of school director in no way affects its character as merely municipal.

Argued September 28, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 268, Jan. T., 1927, by defendant, from order of C. P. Luzerne Co., Jan. T., 1927, No. 589, entering judgment of ouster, in case of Commonwealth ex rel. Geo. W. Woodruff, Attorney General, v. Patrick F. Joyce. Reversed.

Quo warranto. Before COUGHLIN, JONES and MC-LEAN, JJ.

The opinion of the Supreme Court states the facts.

Judgment of ouster. MCLEAN, J., dissented.

*Error assigned,* inter alia, was judgment, quoting record.

*W. A. Valentine,* with him *Herman J. Goldberg,* for appellant.—The office of poor director held by respondent is not an office of profit under this State within the prohibition contained in section 15, of the Act of May 15, 1874: Goodwin v. Bradford City Councils, 248 Pa. 453.

*Leo W. White,* with him *Evan C. Jones,* for appellee. —The office of poor director held by respondent is an office of profit under this State within the prohibition contained in section 15 of the Act of May 15, 1874, P. L. 186: Com. v. Gamble, 62 Pa. 343; Com. ex rel. v. Moore, 266 Pa. 100; Richie v. Phila., 225 Pa. 511; Alworth v. Lackawanna Co., 85 Pa. Superior Ct. 349; Com. ex rel. v. Moffitt, 238 Pa. 255; Tucker's App., 271 Pa. 462; Com. v. Sharetts, 231 Pa. 525; Nissley v. Lancaster Co., 215 Pa. 562.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1927:

Patrick F. Joyce is a state senator of Pennsylvania. He is also a director of the poor in a poor district composed of portions of Luzerne and Lackawanna Counties, serving as such by appointment of the president judge of the Court of Common Pleas of Luzerne County, as the law provides. The poor district was created by the special Act of May 8, 1857, P. L. 439.

A writ of quo warranto was sued out at the suggestion of the attorney general in which it was averred that Senator Joyce is ineligible to hold the office of poor director because of the Act of May 15, 1874, P. L. 186, section 15, which provides, "No senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth; and no member of Congress or other person holding any office, except of attorney-at-law or in the militia under the United States or this Commonwealth, shall be a member of either house during his continuance in office. They shall receive no other compensation, fees or perquisites of office for their services from any source, nor hold any other office of profit under the United States, this State or any other state."

The respondent receives a salary from the poor district and therefore the office of poor director which he holds is one of profit. The question then arises is it a

84 COMMONWEALTH ex rel. WOODRUFF v. JOYCE, Aplnt.

Opinion of the Court.                [291 Pa.

"civil office under this Commonwealth" or an office of profit "under this State." The court below determined, two of its members not sitting and another dissenting, that the office is one under the State and therefore entered a judgment of ouster against respondent. Challenging this conclusion, he appeals and we are of opinion that his appeal must be sustained.

The interdiction of the statute is not against holding any office, or any public office, or any office of profit, but against being appointed to any civil office *under this Commonwealth* or holding any other office of profit *under this State*. The legislature, therefore, confined to State offices the offices which might not be held; had it desired to exclude the holding of any other office it would have been easy to say so, or had it wished to include municipal offices within the ban that term could have been used. The office in question is a purely municipal one: Com. v. Sharetts, 231 Pa. 525. The mere fact that the legislature created the office in no way affects its character as one merely municipal: 43 C. J. 597, section 974. The case of Com. ex rel. v. Conyngham, 65 Pa. 76, cited by the court below and appellee's counsel as holding that the office of recorder of the mayor's court of the City of Scranton was an office of profit under the Commonwealth and urged upon us as showing a situation not different in principle from that at bar, discloses upon examination a most radical difference. There the mayor's court as established by the act was determined to be "a court of quarter sessions of general jurisdiction as fully and clearly as any other court is or can be established within any county of this Commonwealth." The act there in question provided that the president judge of the 11th Judicial District should be the recorder and should receive an annual salary, payable one-half by the State and one-half by the city. This court determined that the recorder was a judge and as such would hold an office of profit under the Commonwealth but that the act creating the office

COMMONWEALTH ex rel. WOODRUFF v. JOYCE, Aplnt.  85

1927.]                    Opinion of the Court.

was unconstitutional. We think no one would gainsay that judges are state officers in Pennsylvania.

The authorities from other states called to our attention throw little light on the question before us owing to differences in phraseology in the statutes there under consideration or in the character of office to which the legislator had been elected or appointed.

The judgment of the court below is reversed and is here entered for defendant.