·From C. P. Addams, Harrisburg, Pa.

## Emhardt v. Wilson, Controller

*William T. Connor*, for plaintiff; *S. Davis Wilson*, City Controller, p. p.

FINLETTER, P. J., May 2, 1934.—Mr. Emhardt is a member of the House of Representatives. His term expires in January 1935.

The city commissioners recently appointed him supervisor of the Bureau of Weights and Measures.

It is suggested that the appointment is forbidden by article II, sec. 6, of the Constitution of the State, which provides that "no Senator or Representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth".

The case stated does not disclose whether an appointment of an inspector

(whom the commissioners have the power to appoint) or an appointment of a simple employe of the commissioners was intended. But we are of opinion that there was no impropriety in the acceptance by Mr. Emhardt of either employment.

Assuming the appointment of a supervising inspector was intended, is the position a "civil office under this Commonwealth"?

It is undoubtedly an "office".

It was so held in Commonwealth ex rel. v. Hoyt, 254 Pa. 45, where the question was whether it was an office within the meaning of article VI, sec. 4, of the Constitution, and, unless there is some compelling reason to the contrary, the same meaning must be given it throughout the Constitution.

See also Commonwealth ex rel. v. Leary, 63 Pa. Superior Ct. 434.

But, being an "office", the question remains, is an inspectorship "an office under this Commonwealth?" We think not. It is entirely local in its functions, its jurisdiction being confined to Philadelphia. The appointment is made by the local commissioners, who themselves are only county officers with no jurisdiction beyond the county limits. The incumbent may be removed at will by the commissioners. The Governor has no power, either of appointment or removal.

It seems to us that, under no aspect, either of territorial jurisdiction, source of authority, or nature of the duties, can an inspectorship be said to be an office under the Commonwealth, that is, a State office.

We are not without precedent to guide us in the interpretation of the clause in question.

In Commonwealth ex rel. v. Joyce, 291 Pa. 82, question was made of the compatibility of the office or position of poor director and senator, under the Act of May 15, 1874, P. L. 186, which provided (sec. 15) that "no senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office under this commonwealth".

It will be noted the language of the act is verbatim that of the article of the Constitution.

The Supreme Court, speaking by Mr. Justice Schaffer, said (p. 84) : "The interdiction of the statute is not against holding any office, or any public office, or any office of profit, but against being appointed to any civil office *under this Commonwealth* or holding any other office of *profit under this State*. The legislature, therefore, confined to State offices the offices which might not be held; had it desired to exclude the holding of any other office it would have been easy to say so, or had it wished to include municipal offices within the ban that term could have been used."

The supervision of weights and measures is regulated by the Act of May 11, 1911, P. L. 275, and its supplements, including the Act of July 24, 1913, P. L. 960.

These acts provide for the appointment of "inspectors" of weights and measures (section 1 of the latter act). They are also referred to as "sealers or inspectors" of weights and measures (latter part of section 1), and the existence of "their deputies" is recognized by section 1.

We refer to this because Mr. Emhardt's position is described as "supervisor of the Bureau of Weights and Measures". We have been unable to find any act or ordinance creating such an office.

The supervisor, his deputy, chief clerk, and three district supervisors exist solely as agents appointed by the commissioners, no doubt to watch over, on behalf of the commissioners, the large staff of inspectors, some eighty in number. Their title indicates their duties and the purpose of their appointment.

This being so, the supervisor is merely an employe of the commissioners, and no question of the incompatibility of his employment with his office as representative could be made.

The controller's brief raises another question, that is, whether the City Charter Act of June 25, 1919, P. L. 581, art. IV, sec. 3, forbids Mr. Emhardt's acceptance, while a representative, of an office under the *city* government.

This question has, as a matter of fact, not been submitted to us by the case stated, which states the question which the parties desire us to decide, thus:

"If the court is of the opinion that the appointment and employment of the plaintiff as supervisor of the Bureau of Weights and Measures in the County of Philadelphia is not a civil office under the Commonwealth of Pennsylvania by virtue of the language of article II, sec. 6, of the Constitution of Pennsylvania, then the judgment in this proceeding shall be entered in favor of the plaintiff; otherwise judgment shall be entered in favor of the defendant."

The only question, therefore, which we can decide under the case stated is whether Mr. Emhardt's employment is forbidden by the Constitution. Nevertheless we will, if the parties desire it, permit an amendment of the case stated to raise the question of the application of the charter act.

Article IV, sec. 3, of the charter provides:

"No person shall hold more than one office or position of profit under the city government, and no person shall hold any office or position of profit under the city, or any department thereof, while holding any other office or position of profit in or under the Government of the United States, of this Commonwealth, or any county, city, or other political subdivision thereof: Provided, That nothing in this act contained shall apply to the office of notary public, commissioner of deeds, or any office in the military or naval service of the United States or of this Commonwealth, and that nothing in this act shall prevent persons holding office ex officio by virtue of occupying another office or position."

The Act of March 31, 1876, P. L. 13, sec. 17, provides that, in Philadelphia, "all of the officers known therein as city treasurer, city controller, city commissioners, shall severally be regarded as county officers".

An employe of the commissioners is therefore a county employe. It is true that, as in the case of tipstaves and many employes of the courts, their salaries are paid by the city; nevertheless, this does not make them city employes. The clerkship is created by the commissioners' appointment, not by the appropriation of council.

Article IV, sec. 3, does not apply to the county. It is a "city charter". The provision is that "no person shall hold more than one office . . . under the city government," and, "no person shall hold any office . . . under the city . . while holding any other office . . . under . . . any county, city," etc.

The charter therefore does not forbid a representative taking a county office or employment.

We may add that, if the supervisor is simply an employe of the commissioners his position is not an office within the meaning of the Constitution: Bromley v. Hadley, Controller, 10 D. & C. 23.

We have already referred to the Act of May 15, 1874, P. L. 186, sec. 15. It is in the precise language of article II, sec. 6, of the Constitution, and has been held, as we have noted, to apply only to State officers. In addition, it provides that a senator or representative "shall receive no other compensation, fees or perquisites of office for their services from any source". It is not pretended that the plaintiff's salary as supervisor, or inspector, is paid to him for his "services" as legislator. And this is all that the statute forbids.

For these reasons, we are of opinion that judgment should be entered for the plaintiff.