## Kemmerer's License

*Henry M. Hipple,* for appellant.
*Burritt L. Haag,* for respondent.

BAIRD, P. J., August 15, 1936.—This is an appeal by Alice Kemmerer from the refusal of the county treasurer to issue to her a retail dispenser's license for her hotel in the Borough of Loganton under the Act of July 18, 1935, P. L. 1217, known as the Beverage License Law.

The sole reason for the treasurer's refusal to issue such a license to her is that at the municipal election held on November 5, 1935, a majority of the persons voting thereon voted "no" on the following question:

"Do you favor the granting of malt and brewed beverage retail licenses for consumption on premises where sold in the Borough of Loganton?"

The validity of the election is attacked by the appellant.

The Beverage License Law of July 18, 1935, supra, amends the Beverage License Law of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75, known as the "Malt Liquor License Law". Section 6 of the Act of July 18, 1935, supra, contains the following provisions:

"Subject to the restrictions hereinafter provided, the treasurer shall issue to a person who conducts a reputable hotel, or any reputable incorporated club, or a reputable, bona fide eating place where food is regularly and customarily prepared and sold, and who makes application upon a form as hereinafter prescribed, pays the license fee hereinafter prescribed, and files the bond here-

inafter required, a retail dispensers license for such place. . . .

"No retail dispensers license shall be granted in any municipality or township in which the electors shall, as hereinafter provided, have voted against the licensing therein of places where malt or brewed beverages may be sold for consumption on the premises where sold."

It is to be noted that under this section of the law the treasurer is required to issue a retail dispenser's license to a person who conducts such a place as therein described and who complies with the conditions therein specified, the only exception being "as hereinafter provided". The words "as hereinafter provided" refer to section 31, the relevant part of which reads as follows:

"In any municipality or township an election may be held, but not oftener than once in four years, on the date of any municipal election, to determine the will of the electors with respect to the granting of licenses to retail dispensers under the provisions of this act. Whenever electors equal to at least ten per centum of the highest vote cast for any office in the municipality or township at the last preceeding general election shall petition the corporate authorities of the municipality or township for a referendum on the question of granting such licenses, the said corporate authorities shall cause a question to be submitted at the municipal election occurring at least sixty days thereafter, by certifying a resolution, duly adopted, to the county commissioners for submission of such question, on the ballot or on voting machines, at such election in the manner provided by the election laws of the Commonwealth.

"Such question shall be in the following form:

"Do you favor the granting of malt and    Yes brewed beverages retail licenses for consumption on premises where sold in the    No . . . . . . . . . . . . . . . . . of . . . . . . . . . . . . . . . . . ?

"If a majority of the persons voting on such question vote 'yes,' then malt and brewed beverage retail licenses

shall be granted by the treasurer in such municipality or township under the provisions of this act, but if a majority of the persons voting on such question vote 'no,' then the treasurer shall thereafter have no power to grant or renew, upon their expiration, any retail dispenser's licenses in such municipality or township under the provisions of this act."

Under section 31 of the amended Act of December 20, 1933, supra, similar provision was made for a referendum, the question to be submitted under that act being: "Do you favor the granting of malt liquor retail licenses in the ............ of ............?"

The following is a copy of the petition of electors of Loganton Borough for a referendum, omitting signatures:

"To the Members of the Council of the Borough of Loganton, Clinton County, Pa.,

"The petition of the undersigned electors of the Borough of Loganton, Clinton County, Pennsylvania, respectfully represents:

"1. Your Petitioners are residents, citizens and qualified electors of the Borough of Loganton, Clinton County, Pennsylvania.

"2. Your Petitioners are desirous of having a referendum on the question of granting licenses to retailers of (beverages) malt liquors in the Borough of Loganton, Clinton County, Pennsylvania, for the sale of malt liquors by such licensees.

"3. That your Petitioners further aver that the number of signers to this Petition equal at least 10 per cent of the highest vote cast for any office in said Borough at the past preceding general election, and that no election on the same question has been held in said district within a period of four (4) years.

"WHEREFORE your Petitioners respectfully pray that this question be submitted to the electors of the Borough of Loganton at the next Municipal election, and that the members of the Council of said Borough duly

adopt a resolution and certify the same to the Commissioners of Clinton County for submission of such question to said electors on the ballots for the next Municipal election in 1935, in the manner and form provided by the Act of Assembly, approved December 20, 1933, being Act No. 14, P. L. Extraordinary Session of 1933, the question to be submitted being:

"Do you favor the granting of malt liquor     Yes
retail (beverage) licenses in the Borough of
Loganton, Clinton County, Pennsylvania?     No."

The question, therefore, on which the electors petitioned for a referendum was the question prescribed by the Act of December 20, 1933. The words "malt liquor", as defined in the Act of December 20, 1933, and "malt or brewed beverages", as defined in the Act of July 18, 1935, have the same meaning, that is: ". . . any beer, lager beer, ale, porter, or similar fermented malt liquor, containing one-half of one per centum or more of alcohol by volume, by whatever name such liquors may be called"; but other provisions or both acts must be read in order that the import of meaning of the local option question prescribed by each may be understood.

Under the Act of December 20, 1933, a person licensed to engage in the retail sale of malt liquors is called a "retailer", and under the Act of 1935 a person licensed to engage in the sale of "malt or brewed beverages" is called a "retail dispenser".

Under section 2(e) of the Act of December 20, 1933, a retailer may engage: ". . . in the retail sale of malt liquors where the consumption thereof is upon the premises of such vendor, with the privilege of selling malt liquors to be carried from the premises by the purchaser thereof only, however, in the original containers."

Under section 2(f) of the Act of 1935, a retail dispenser may engage: ". . . in the retail sale of malt or brewed beverages for consumption on the premises of such licensee, with the privilege of selling malt or brewed beverages in quantities not in excess of seventy-two fluid

ounces in a single sale to one person, to be carried from the premises by the purchaser thereof."

The import or meaning of the question on which the electors petitioned for a referendum, that is, the question prescribed by the Act of December 20, 1933, and the import or meaning of the question prescribed by the Act of 1935, supra, differ in this particular: Under the Act of December 20, 1933, the meaning of the question is whether the voter is in favor of or opposed to the granting of retail licenses which permit the holders of such licenses to sell malt liquors for consumption on the premises, with the privilege of selling such liquors to be carried from the premises in the original containers by the purchaser in unlimited quantities. Under the Act of 1935, the meaning of the question is whether the voter is in favor of or opposed to the granting of retail dispensers' licenses which permit the holders of such licenses to sell malt or brewed liquors for consumption on the premises, with the privilege of selling such liquors only in quantities not in excess of 72 fluid ounces in a single sale to one person, to be carried from the premises by the purchaser.

"Where an application or petition for an election is required by a local option law, this is a jurisdictional prerequisite; without such a petition, sufficient in respect to form and signatures, the authorities have no power to order an election and none can be legally held": 33 C. J. 625, sec. 269.

"It is not essential that a petition for a local option election should be couched in the exact language of the statute; a substantial compliance therewith is sufficient": 15 R. C. L. 326, sec. 85.

"The petition required by the statute is, however, jurisdictional, and the proposition cannot lawfully be submitted until a petition which conforms to the statute has been filed with the proper authorities and within the time prescribed by the statute": People, ex rel., v. Wanek et al., 241 Ill. 529, 535, 89 N. E. 708, 710.

"Where a statute authorizing the submission to a vote of the people of specific questions of a local character provides, as is usual in such statutes, for the calling of a special local election, upon the presentation of a petition to a designated officer or authority, the presentation of such petition is a condition precedent to holding the election": 20 C. J. 95, sec. 78.

The Act of July 18, 1935, supra, became effective immediately upon its final enactment and was in full force and effect at the time electors of Loganton Borough petitioned the corporate authorities of that borough for a referendum. The only question at that time, under the provisions of that act, on which they were entitled to a referendum was the question prescribed thereby. Instead, they petitioned for a referendum on the question prescribed by the Act of December 20, 1933, supra. That question had ceased to be the lawful subject of a referendum. As before indicated, it differed substantially from the question authorized for submission by the Act of 1935, and the petition, is therefore, adjudged insufficient.

A petition such as is required by the statute constitutes the foundation of the procedure necessary to obtain a referendum. In the absence of such a petition there is nothing upon which to found subsequent action. We think, therefore, that enough has been said to justify a reversal of the action of the treasurer in refusing the appellant's application for a retail dispenser's license, but we shall notice one or two other grounds upon which the validity of the election is attacked.

Section 31 of the Act of 1935 requires the corporate authorities, whenever petitioned by the required number of electors, to "cause a question to be submitted . . . by certifying a resolution, duly adopted, to the county commissioners for submission of such question, on the ballot".

The following is a copy of so much of the minutes of the Loganton Borough Council as relates to the petition in this case and another petition relative to the granting of licenses to hotels, restaurants, and clubs:

"Rev. L. A. Fuhrman appeared before Council to present the following petitions for presentation to the county commissioners:

"(1) Petition of electors to Council to determine the granting of licenses to retailers of (beverages) malt liquors for the sale of malt liquors;

"(2) Petition of the electors to determine the granting of licenses to hotels, restaurants and clubs for the sale of liquors consumed on the premises of such hotels, restaurants and clubs. The attached resolutions were presented and by motion of Frankenberger they were adopted the resolutions and seconded by Price motion carried."

And the following is a copy of the so-called attached resolutions:

"Loganton, Pa., September 3, 1935.

"To the Commissioners of
Clinton County, Pa.

"This is to certify that at a regular meeting of the Council of the Borough of Loganton, Clinton County, Pennsylvania, petitions signed by 87 regular and qualified electors of said Borough, which is more than ten percent of the highest vote cast for any office in said Borough at the last preceding general election, as required by law, was presented to us, praying that the questions regarding the privilege to sell (beverages) malt liquors in the said Borough be submitted to the electors of the said Borough at the next municipal election.

"We, therefore, the Council of the Borough of Loganton, Clinton County, Pennsylvania, hereby certify the reception of these petitions and herewith submit them to you, the Commissioners of Clinton County, Pennsylvania, requesting that you cause the questions stated in these petitions to be printed on the ballot for the next municipal election to be held November 5, 1935.

"(SEAL)      Jay P. Mark, Secretary
                    Loganton Borough Council."

The paper attached to the minutes is in form only a certificate of the facts therein stated. As the certificate

of "a resolution, duly adopted", it is not that in form. The serious objection to it, however, is that it requests the county commissioners "to cause the question[s] stated in the[se] petition[s]" to be printed on the ballot, a question on which there was not at any time any provision in the law for referendum.

This so-called resolution is the only authority the county commissioners had for the submission of any question. The procedure for a referendum did not originate with them, and they could not, of their own initiative, submit any other question for the one they had been requested to submit. Although the proper question was submitted on the ballot by the county commissioners, its submission was unauthorized by the prior steps taken, and in our opinion the election was illegal and void.

Now, August 15, 1936, after hearing and due consideration, the action of the treasurer in refusing to issue a retail dispenser's license to Alice Kemmerer is reversed, and he is hereby ordered and directed to issue such license to her upon payment by her of the proper license fee.