## Assistant County Superintendents of Schools

MARGIOTTI, Attorney General, August 27, 1936.— You have asked for an opinion as to whether a member of the State legislature may be appointed as an assistant county superintendent of schools.

This question is governed by article II, sec. 6, of the Pennsylvania Constitution, and by section 15 of the Act of May 15, 1874, P. L. 186. Art. II, sec. 6, provides:

"No Senator or Representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth".

Section 15 of the Act of May 15, 1874, P. L. 186, provides:

"No senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office under this commonwealth; and no member of congress or other person holding any office, except of attorney-at-law or in the militia under the United States or this commonwealth, shall be a member of either house during his continuance in office. They shall receive no other compensation, fees or perquisites of office for their services from any source, nor hold any other office of profit under the United States, this state or any other state."

Obviously the determination of this question depends upon whether or not the position of assistant county superintendent of schools is the type of office which the framers of the Constitution and the legislature intended to cover by the use of the term "civil office under this Commonwealth".

The nature of the position of an assistant county superintendent of schools is fully discussed in the case of Foyle et al. v. Commonwealth et al., 101 Pa. Superior Ct. 412 (1931). In that case, the question presented was whether or not an assistant county superintendent of schools was an employe of the Commonwealth within the provisions of the Workmen's Compensation Act of 1915. The court held, at page 422:

"The status of an assistant county superintendent of schools does not result from a contract of hiring between him and the Commonwealth, or between him and the county, as that phrase is commonly understood. His office is created by the legislature, his minimum salary is fixed by law, he takes and subscribes to an oath, receives a commission, and cannot be removed in any method other than that provided by statute. His duties are prescribed by statute and involve judgment, intelligence, discretion and technical knowledge, and are of such consequence to the public as to place him in a position of such dignity and responsibility that he must be considered a public officer as distinguished from an employee."

It is true that the opinion quoted above refers to "public office" while the constitutional provision and the statute with which we are now concerned speak of "civil office"; but the controlling word is "office", and we need not be concerned with the difference between the respective modifying adjectives, for they are approximately synonymous. They are often used interchangeably and we feel that the doctrine of the above case is controlling in the present situation. A civil office is merely that type of public office which has no military attributes.

The question now remains as to whether an assistant county superintendent of schools holds an office "under this Commonwealth". The scope of these words has been restricted somewhat by the recent decision of Commonwealth, ex rel., v. Joyce, 291 Pa. 82, 84 (1927). In that case the question arose as to the compatibility of the offices of State senator and poor director. The court held:

"The interdiction of the statute is not against holding any office, or any public office, or any office of profit, but against being appointed to any civil office *under this Commonwealth* or holding any other office of profit *under this State*. The legislature, therefore, confined to State offices the offices which might not be held; had it desired to exclude the holding of any other office it would have been easy to say so, or had it wished to include municipal offices within the ban that term could have been used. The office in question is a purely municipal one".

However, a consideration of the various attributes of the position of assistant county superintendent of schools leads us to the conclusion that it is not a purely municipal or local office. The mere fact that the functions of an assistant county superintendent of schools are confined to a single county is not at all controlling. The authority of a common pleas judge is ordinarily similarly confined, yet the court stated in Commonwealth, ex rel., v. Joyce, supra: "We think no one would gainsay that judges are state officers in Pennsylvania."

Section 1127 of the School Code of May 18, 1911, P. L. 309, provides that the assistant county superintendent may be appointed by the Superintendent of Public Instruction in certain situations. This section also provides that he shall be commissioned by the Superintendent of Public Instruction.

Section 1130, as last amended by the Act of May 27, 1919, P. L. 300, provides that his salary shall be paid out of the State appropriation for public schools, and that his traveling expenses shall be paid by the Auditor General, upon the requisition of the Superintendent of Public Instruction.

Section 1131 provides, in part, that an assistant county superintendent shall, when directed by the Superintendent of Public Instruction, conduct examinations for promotion or graduation.

Section 1129 provides that an assistant county supertendent may be removed from office by the Superintendent of Public Instruction upon the written recommendation of the proper county authorities.

We feel that these statutory provisions clearly indicate that an assistant county superintendent of schools holds an office "under this Commonwealth".

You are advised, therefore, that a member of the legislature is prohibited, by Article II, sec. 6, of the Pennsylvania Constitution and by section 15 of the Act of May 15, 1874, P. L. 186, from being appointed as an assistant county superintendent of schools.

From Frederic Ray, Harrisburg.