## Wiest's License

*Samuel Handler* and *James E. Snyder*, for appellant.

*E. Leroy Keen*, assistant district attorney, and *Karl E. Richards*, district attorney, for Commonwealth.

HARGEST, P. J., June 16, 1937.—This matter comes before us upon an appeal from the refusal of the county treasurer to issue a retail dispenser's beverage license upon an application made by appellant for such a license at a hotel situated on Main Street in the Borough of Berrysburg, Dauphin County, Pa.

The reason for the refusal is that at an election held in said borough on November 3, 1936, the majority voted against the granting of such licenses. The election referred to was presumably held pursuant to section 31 of the Beverage License Law of July 18, 1935, P. L. 1217, 1243, 47 PS §100(n), amending the Act of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75. That statute provides for voting upon the subject of granting licenses in any municipality or township "at the municipal election occurring at least sixty days" after the requisite petition has been presented to the corporate authorities.

The Constitution of this Commonwealth provides for both general and municipal elections; municipal elections are to be held in the odd number years and general elections in the even number years. The legislature must be presumed to have known the constitutional distinction and, in fact, the legislature in 1935 demonstrated that it did know the distinction. Section 502 of the Act of July 18, 1935, P. L. 1246, known as the Pennsylvania Liquor Control Act, reënacting and amending the Act of November 29, 1933, P. L. 15, 47 PS §744-502, provided for a vote upon the question of local option to be submitted "at the general or municipal election".

Where a statute passed in the exercise of the police power either confers or destroys property rights, the statute must be strictly observed: Kemmerer's License, 27 D. & C. 149.

"Where an application or petition for an election is required by a local option law, this is a jurisdictional prerequisite; without such a petition, sufficient in respect to form and signatures, the authorities have no power to order an election and none can be legally held": 33 C. J. 625, sec. 269.

"The petition required by the statute is, however, jurisdictional, and the proposition cannot lawfully be submitted until a petition which conforms to the statute has been filed with the proper authorities and within the time prescribed by the statute": People ex rel. v. Wanek et al., 241 Ill. 529, 535, 89 N. E. 708, 710.

The authorities have held the election in the Borough of Berrysburg, to determine the will of the voters to have beverage licenses in that borough that could only be expressed at a municipal election. The fact that the borough at that time also voted upon the question of having a liquor license, and the vote was against having such license in that borough, has no bearing upon the matter before us. That question was legally submitted at a general election and the expression of the will of the people in that regard is valid, but a liquor license which may also carry the right to sell malt and brewed beverages is one thing and a license to sell only malt or brewed beverages at retail is quite another, and in order to prevent such licenses in a township or municipality the vote must be taken in the manner and at the time which the law authorizes: Commonwealth ex rel. v. Sharetts, 231 Pa. 525. It follows that the refusal to grant appellant a beverage license was not based upon valid grounds, and therefore this appeal must be sustained.

Now, June 16, 1937, the appeal of Luther A. Wiest from the refusal of the county treasurer to issue a retailer's license for the hotel situated on Main Street, in

the Borough of Berrysburg, is hereby sustained, and the treasurer is hereby directed to issue said license unless there are other valid reasons against the same.

NOTE.—See Riverside Drum Corps Assn.'s License, 30 D. & C. 88.